UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| LARICO COLEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-136-AGF |
| MISSISSIPPI COUNTY WORKERS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Larico Coleman, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). In addition, for the reasons discussed below, the Court will direct plaintiff to file a third amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement. The statement includes a summary of plaintiff's account activity for the period March 1, 2017 through September 21, 2017, which shows an average monthly deposit of $2.07 and an average monthly balance of $.02. The statement also includes a record of account activity beginning on August 10, 2017 and ending on September 19, 2017, at which time plaintiff's account balance was $.04. The Court will therefore waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.") However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from his inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Second Amended Complaint**

Plaintiff is an inmate at the Missouri Eastern Correctional Center. He filed his first complaint in this case on August 21, 2017. Shortly thereafter, he filed two supplemental documents, and then filed an amended complaint. However, he failed to sign the amended complaint, and the Court returned it to him for his signature. Plaintiff promptly filed a second amended complaint, which he signed, and which this Court now reviews pursuant to 28 U.S.C. § 1915(e).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Brandon Caid, the Mississippi County Sheriff's Department, the Mississippi County Detention Center, Sally Gammons, and Brandon Morgan. The "Statement of Claim" section has been removed from the second amended complaint, and plaintiff has attached a copy of a Mississippi County Detention

Center inmate grievance form. In the form, plaintiff describes seeing "the nurse" and receiving inadequate care for a serious foot condition, and suffering pain as a result. (Docket No. 10 at 6). He states that he seeks injunctive and monetary relief.

Shortly after filing the second amended complaint, plaintiff wrote a letter to the Clerk of the Court. Therein, plaintiff writes that he repeatedly complained to the jail administrator about his foot condition, that Gammons was indifferent to his suffering and his foot condition worsened as a result, and a nurse practitioner (whose name is illegible) allowed plaintiff's foot condition to worsen, causing weeks of suffering. Plaintiff writes that Gammons did not try to help him until Caid told her that plaintiff needed to see a doctor, and that when plaintiff finally saw the doctor on June 9, 2017, the doctor asked how plaintiff's foot got to that point. Plaintiff states he cannot walk without pain.

## Discussion

Clearly, plaintiff is attempting to set forth claims that his constitutional rights were violated when he was deprived of medical care for a serious foot condition. However, the second amended complaint contains no allegations against any of the named defendants, and sending a letter to the Clerk of the Court is not the proper way to bring a claim against a defendant. Because plaintiff is proceeding pro se, the Court will allow him to file a third amended complaint. Plaintiff is warned that the filing of a third amended complaint will replace the complaints he has already filed, and so it must include all claims plaintiff wishes to bring.

Plaintiff must submit the third amended complaint on a court-provided form, and it must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain" statement of his claim showing that he is entitled to relief. It is not enough to simply name a

group of defendants and state that he was not provided medical care. Instead, plaintiff must set forth specific facts that describe what each defendant did to violate his rights.

In the "Caption" section of the third amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each defendant's name and, under that name, in numbered paragraphs, the specific facts about what that defendant did to violate his rights. Plaintiff's failure to make specific and actionable allegations in the third amended complaint against any defendant will result in that defendant's dismissal from this case. Plaintiff is reminded that he must set forth his claims in the third amended complaint instead of in separately-filed letters or supplements, and he is also reminded that he must sign the third amended complaint before sending it to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 5) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff shall submit a third amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form. Plaintiff may request additional forms from the Clerk, as needed.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 13th day of February, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE