UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LARICO COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-136-AGF |
| | ) |
| MISSISSIPPI COUNTY WORKERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the third amended complaint filed by plaintiff Larico Coleman. For the reasons explained below, this case will be dismissed, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff, proceeding herein *pro se* and *in forma pauperis*, is an inmate at the Missouri Eastern Correctional Center. However, the events giving rise to his claims occurred when he was incarcerated in the Mississippi County Detention Center. Plaintiff filed his first complaint in this case on August 21, 2017. Shortly thereafter, he filed two supplemental documents, and then filed an amended complaint. However, he failed to sign the amended complaint, and the Court returned it to him for his signature. Plaintiff promptly filed a second amended complaint, which he signed, and which this Court reviewed pursuant to 28 U.S.C. § 1915(e).

Upon review, the Court noted that the second amended complaint was subject to dismissal, and gave plaintiff the opportunity to submit a third amended complaint. In so doing, the Court clearly explained the deficiencies of the second amended complaint, and cautioned plaintiff that his failure to cure those deficiencies would result in the dismissal of his case.

Plaintiff timely filed a third amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

**The Third Amended Complaint**

Plaintiff filed the third amended complaint pursuant to 42 U.S.C. § 1983 against ten defendants: Margrett Dykes (a nurse practitioner), Emily Brown (a nurse), corrections officers Sholanda Sinks, Nicole Sinks, and Linda Dixon, Sheriff Brandon Caid, the Mississippi County Detention Center and the Mississippi County Sheriff's Department, Jail Administrator Sally Gammons, and Barry Morgan. All of plaintiff's claims stem from the allegedly inadequate medical care he received for a foot condition. He alleges as follows.

On approximately May 17, 2017, as Brown was passing out medications, plaintiff showed her his foot which was "decaying" and "really funky," and told her it was hurting. (Docket No. 15 at 5). Brown gave plaintiff Ibuprofen, and told him to use anti-fungal cream. Plaintiff alleges no further interaction with Brown.

One or two weeks later, plaintiff's foot was swollen, and blood and pus were present. He saw Dykes for medical care, and she gave him antibiotics. Plaintiff took the antibiotics for a week, but they did not help. Plaintiff saw Dykes on three occasions, but "nothing she did helped." *Id.* Plaintiff complains that Dykes "should have sent me somewhere that could help me and my condition." *Id.*

Plaintiff alleges that Gammons saw that plaintiff's foot was discolored, and that she could smell a foul odor. Plaintiff writes: "since she is the Jail Administrator, I thought I would be going to the Hospital but she said that will [cost] the Jail or County too much money." *Id.* Plaintiff states that Dykes and Gammons chose to not help him because he was an inmate.

Plaintiff alleges that Caid (the Sheriff) was "over the jail" and was told about plaintiff's foot condition by Dixon, Nicole Sinks, and Sholanda Sinks, and could have solved plaintiff's problem. (Docket No. 15 at 5, 7). Plaintiff alleges that his rights were violated by the Mississippi County Detention Center. He alleges that Morgan looked at his foot, and walked away as if he did not care. Plaintiff also claims that none of his prescriptions were sent to the Missouri Department of Corrections. Plaintiff states that he sues the defendants in an official and individual capacity. As relief, he seeks monetary damages, and the appointment of counsel.

## Discussion

Plaintiff's claims against the Mississippi County Detention Center and the Mississippi County Sheriff's Department will be dismissed. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claims against these entities fail as a matter of law.

Plaintiff's claims against Dixon, Nicole Sinks, Sholanda Sinks, and Morgan will also be dismissed. To state an actionable § 1983 civil rights claim, a plaintiff must allege facts which, if proven true, would show that the named defendant violated the plaintiff's federally-protected rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff alleges that Dixon, Nicole Sinks and Sholanda Sinks were corrections officers who told Caid about plaintiff's foot. Regarding Morgan, plaintiff alleges that he looked at plaintiff's foot and walked away, not that he denied a request for medical care. These are not facts which, if proven true, would show that any of these defendants deprived plaintiff of a federally-protected right. Plaintiff therefore fails to state a claim upon which relief may be granted against Dixon, Nicole Sinks, Sholanda Sinks, and Morgan.

Plaintiff's claims against Caid will also be dismissed. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Here, plaintiff does not allege that Caid was causally linked to, or bore any personal responsibility for, any conduct that deprived him of a federally-protected right. Instead, plaintiff alleges that Caid was in charge of the jail and could have solved plaintiff's problem. However, "a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). Plaintiff's allegations fail to state a claim upon which relief may be granted against Caid.

The Court now turns to plaintiff's allegations against medical treatment providers Brown and Dykes. To state a claim for inadequate medical care under the eighth or fourteenth amendment, a convicted prisoner or a detainee must plead facts sufficient to indicate a deliberate indifference to serious medical needs.[1] *Estelle*, 429 U.S. at 106; *Camberos*, 73 F.3d at 175. A claim of deliberate indifference involves both an objective and a subjective component. The objective component requires a plaintiff to demonstrate that he suffered an objectively serious medical need. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). The subjective component requires a plaintiff to demonstrate that the defendant actually knew of, but deliberately disregarded, that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Establishing the subjective component of a

---

[1] It appears that plaintiff was a pretrial detainee at the time in question. However, when analyzing a pretrial detainee's claims of inadequate medical care under the fourteenth amendment, courts apply the same deliberate indifference standard that governs eighth amendment claims by convicted prisoners. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

5

deliberate indifference claim requires showing "a mental state akin to criminal recklessness." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013)). Allegations amounting to negligence and allegations that establish only the plaintiff's disagreement with treatment decisions do not state claims of constitutional significance. *Id., Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

In the case at bar, the Court assumes that plaintiff has established the objective component: that he had an objectively serious medical need. However, plaintiff's allegations are insufficient to establish the subjective component. As noted above, this is an onerous standard that requires plaintiff to demonstrate a mental state akin to criminal recklessness. Regarding Brown, plaintiff alleges only that he complained to her on one occasion about his foot condition, and she gave him Ibuprofen and told him to use antifungal cream. Regarding Dykes, plaintiff alleges that he saw her on at least three occasions, but that the treatment she provided was ineffective and she should have sent him to the hospital. These allegations establish plaintiff's disagreement with the medical treatment Brown and Dykes provided and his belief he would have received better care elsewhere, or at most, that Brown and/or Dykes were guilty of negligence or medical malpractice. Such allegations do not state claims of constitutional significance. *See Popoalii*, 512 F.3d at 499 (a "mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Estelle*, 429 U.S at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner.").

Plaintiff's allegations against Sally Gammons also fail to state a claim of deliberate indifference. Plaintiff alleges that Gammons perceived his discolored and foul-smelling foot and he thought that he would be going to the hospital, but Gammons said it would cost too much

6

money. When a prisoner needs medical treatment, prison officials have a constitutional duty to see that it is furnished. *Estelle*, 429 U.S. at 103. However, plaintiff herein does not allege that any medical treatment provider opined that plaintiff required emergency care, hospitalization, or other medical care that Gammons refused to furnish, nor does he allege that Gammons interfered with any prescribed treatment or substituted her judgment for that of a medical professional. Plaintiff's claims against Gammons will therefore be dismissed.

Plaintiff also states that his prescriptions were not sent to the Missouri Department of Corrections. However, plaintiff does not allege that any named defendant was responsible for this error. To the extent plaintiff can be understood to allege this claim against the Mississippi County Detention Center and/or the Mississippi County Sheriff's Department, such claims fail because, as explained above, those entities are not subject to suit under § 1983. Finally, plaintiff's request that counsel be appointed for him will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of July, 2018.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE